IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAINBRIDGE HOMES, INC. AND CHARLES KATZ, <br>     Plaintiffs, <br><br> vs. <br><br> GREAT AMERICAN LLOYD'S INSURANCE COMPANY AND MID-CONTINENT CASUALTY COMPANY <br>     Defendants | § § § § § § § § § § § | Civil Action No. _____ |

## DEFENDANT GREAT AMERICAN LLOYD'S INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Great American Lloyd's Insurance Company ("Great American") files this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446, and would respectfully show the Court as follows:

### I. PROCEDURAL BACKGROUND

1. On March 15, 2011, Bainbridge Homes, Inc. and Charles Katz ("Plaintiffs") filed Plaintiffs' Original Petition and initiated an action identifying Great American and Mid-Continent Casualty Company ("Mid-Continent") as Defendants in the 151st Judicial District Court of Harris County, Texas, in Cause No. 2011-16088 (the "State Court Action").[1]

2. Plaintiffs' Original Petition and Citation were served upon Great American on March 21, 2011. In response, Great American timely filed its Plea in Abatement, and Subject Thereto Original Answer, Special Exceptions and Affirmative

---

[1] *See* Exhibit D, Plaintiffs' Original Petition.

Defenses on April 11, 2011.[2] Great American filed its First Amended Plea in Abatement, and Subject Thereto Original Answer, Verified Denial, Special Exceptions and Affirmative Defenses on April 12, 2011.[3]

3. Plaintiffs' Original Petition and Citation were served upon Mid-Continent on March 18, 2011. In response, Mid-Continent timely filed its Plea in Abatement, and Subject Thereto Original Answer, Special Exceptions and Affirmative Defenses on April 11, 2011.[4]

## II. NATURE OF THE SUIT

4. This lawsuit involves an insurance coverage dispute regarding the Defendants' alleged duty to defend Plaintiffs in an underlying lawsuit styled Cause No. 2010-24815; *Kimbley L. Muller & Shari S. Muller v. Barry G. Irby, d/b/a Acadian Roofing Company, Bainbridge Homes, Inc. and Charles Katz:* in the 164th Judicial District Court of Harris County, Texas.

5. Plaintiffs allege Great American is contractually obligated to defend them in the underlying suit pursuant to Great American Policy No. PAC879-56-38-04. Great American denies it has a duty to defend Plaintiffs in the underlying suit.

6. Plaintiffs allege Mid-Continent is contractually obligated to defend them in the underlying suit pursuant to Mid-Continent Policy No. 04-GL-000059699. Mid-Continent denies it has a duty to defend Plaintiffs in the underlying suit.

---

[2] *See* Exhibit E, Defendant Great American's Plea in Abatement, and Subject Thereto Original Answer, Special Exceptions and Affirmative Defenses.
[3] *See* Exhibit F, Defendant Great American's First Amended Plea in Abatement, and Subject Thereto Original Answer, Verified Denial, Special Exceptions and Affirmative Defenses.
[4] *See* Exhibit G, Defendant Mid-Continent's Plea in Abatement, and Subject Thereto Original Answer, Special Exceptions and Affirmative Defenses.

7. Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is filed within the thirty-day statutory time period for removal. Great American files this Notice of Removal pursuant to 28 U.S.C. Section 1441(b), which permits removal based on diversity jurisdiction. 28 U.S.C. Section 1332 sets forth the factual predicate justifying the exercise of diversity jurisdiction. Specifically, (1) an amount in controversy exceeding $75,000, and (2) diversity of citizenship.[5]

### III. BASIS FOR REMOVAL

8. Removal based on diversity of citizenship may only be effectuated if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.[6] The district courts of the United States have original jurisdiction over this action based on complete diversity, in that Defendants are and were at the time this action was commenced, diverse in citizenship from Plaintiffs and are not citizens of the State of Texas.

9. Plaintiff Bainbridge Homes, Inc. is a Texas corporation with its principal place of business in La Grange, Texas.[7] Thus, upon information and belief, Plaintiff Bainbridge Homes, Inc. was at the time this suit was filed and is now a citizen of the State of Texas.

10. Plaintiff Charles Katz is an individual residing in La Grange, Texas.[8] Thus, upon information and belief, Plaintiff Charles Katz was at the time this suit was filed and is now a citizen of the State of Texas.

---

[5] 28 U.S.C. § 1332(a).
[6] 28 U.S.C. § 1441.
[7] Exhibit D, Plaintiffs' Original Petition at ¶ 2.
[8] *Id.* at ¶ 3.

11.    Defendant Great American was, at the time this civil action was commenced, and still is, a citizen of the states of Ohio, Kentucky and Illinois. Great American is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. A Lloyd's Plan is an unincorporated business entity that consists of a group of underwriters who sell insurance through an attorney-in-fact or other representative.[9] The attorney-in-fact for Great American Lloyd's Insurance Company is Great American Lloyd's, Inc., a Texas corporation. The citizenship of a Lloyd's plan insurer, like all unincorporated associations, is determined by the citizenship of its members.[10] An attorney-in-fact is not a member of a Lloyd's plan insurer, and its citizenship is irrelevant for diversity purposes.[11] As established by the affidavit of Robert Pileggi, attached as Exhibit B, Great American's underwriters are citizens of the states of Ohio, Kentucky and Illinois.[12] Thus, Great American is a citizen and resident of the states of Ohio, Kentucky and Illinois for diversity purposes.[13]

12.    Defendant Mid-Continent is an Ohio corporation with its principal place of business in Tulsa, Oklahoma. Therefore, pursuant to 28 U.S.C. § 1442(c)(1) Mid-Continent is a citizen of both Ohio and Oklahoma.

---

[9] TEX. INS. CODE §§ 941.051-941.052; *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 572 n.1 (5th Cir. 2006); *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 511 U.S. 1032 (1994).

[10] *Royal Ins. Co. of Am.*, 3 F.3d at 882; *Cronin v. State Farm Lloyds*, No. H-08-1983, 2008 WL 4649653, at *2 (S.D. Tex. Oct. 10, 2008); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).

[11] *Salazar*, 455 F.3d at 572 n.1; *Royal Ins. Co. of Am.*, 3 F.3d at 882-83; *Massey*, 993 F. Supp. at 570.

[12] See Exhibit B, affidavit of Robert Pileggi.

[13] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

13. Removal is proper because, under 28 U.S.C. § 1332, the parties properly joined and served are now, and were at the time the lawsuit was filed, completely diverse in citizenship.[14]

14. The amount in controversy at the time of removal, exclusive of interest and costs, exceeds $75,000. When a Plaintiffs' pleadings do not allege a specific amount of damages, the removing party must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[15] This burden may be satisfied by the removing defendant showing it is facially apparent the Plaintiffs' claims exceed the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied.[16] The defendant may offer summary judgment type evidence that the claim would exceed the minimum amount, based on direct knowledge of the claim.[17]

15. Here, Plaintiffs' Petition suggests an amount in controversy in excess of $75,000. Damages sought by Plaintiffs include attorneys' fees through trial and appeal, the 18% statutory penalty available under Chapter 542 of the Texas Insurance Code, costs of court, pre-judgment interest and post-judgment interest.[18] Attorneys' fees and penalties are included as part of the amount in controversy.[19] As such, the amount in controversy exceeds $75,000.

16. Because complete diversity exists among the parties, and because the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based

---

[14] *See* 28 U.S.C. § 1441.
[15] *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).
[16] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[17] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[18] Exhibit D, Plaintiffs' Original Petition at ¶¶ 28 and prayer.
[19] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (diversity jurisdiction found to exist when policy limits, plus statutory penalties, exceeded $75,000).

on diversity of citizenship pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

17. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the Southern District of Texas, Houston Division, as the district and division embracing the county in which the State Court Action is now pending.

18. Defendant Great American, as the removing party, will promptly give Plaintiffs written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

19. Pursuant to 28 U.S.C. § 1446(d), Great American will promptly file a copy of this Notice of Removal with the Clerk of the 151st Judicial District Court of Harris County, Texas, where the action is currently pending.

20. A true and correct copy of all process, pleadings, and all orders served upon Great American in the State Court Action are hereby filed with this Notice of Removal as required by 28 U.S.C. § 1446(a).

21. All defendants who have been properly served at the time of this removal have consented in writing to the removal of this action.[20]

22. Moreover, pursuant to Southern District of Texas Local Rule 81, copies of the following documents are hereby provided to the clerk for filing in connection with the Notice of Removal:

    (1) An Index of Matters Being Filed (Exhibit A);
    (2) Affidavit of Robert Pileggi (Exhibit B);
    (3) The docket sheet in the State Court Action (Exhibit C);

---

[20] *See* 28 U.S.C. § 1446(a).

6

(4) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings:
  (a) Plaintiffs' Original Petition (Exhibit D);
  (b) Defendant Great American's Plea in Abatement, and Subject Thereto Original Answer, Special Exceptions and Affirmative Defenses (Exhibit E);
  (c) Defendant Great American's First Amended Plea in Abatement, and Subject Thereto Original Answer, Verified Denial, Special Exceptions and Affirmative Defenses (Exhibit F)
  (c) Defendant Mid-Continent's Plea in Abatement, and Subject Thereto Original Answer, Special Exceptions and Affirmative Defenses (Exhibit G);
(5) All executed process in the case (Exhibit H);
(6) All orders signed by the State Court Judge (None at this time); and
(7) A list of all counsel of record, including addresses, telephone numbers and parties represented.

Because no orders have been issued by the State Court as of the date of filing this Notice, none have been attached.

WHEREFORE, Defendant Great American Lloyd's Insurance Company respectfully requests the above-entitled action be removed from the 151st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.


By: /s/ *Christopher W. Martin*

    **Christopher W. Martin**
    State Bar No. 13057620
    Federal I.D. No. 13515
    808 Travis Street, Suite 1800
    Houston, Texas 77002
    Telephone: (713) 632-1700
    Facsimile: (713) 222-0101

ATTORNEY-IN-CHARGE FOR GREAT AMERICAN LLOYD'S INSURANCE COMPANY AND MID-CONTINENT CASUALTY COMPANY

OF COUNSEL:
**Robert G. Dees**
State Bar No. 05716430
Federal I.D. No. 13899
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant Great American Lloyds Insurance Company's Notice of Removal has been forwarded via e-mail on April 15, 2011 to:

    Lee H. Shidlofsky
    lee@shidlofskylaw.com
    Douglas P. Skelley
    doug@shidlofskylaw.com
    SHIDLOFSKY LAW FIRM PLLC
    7200 N. Mopac Expy., Suite 430
    Austin, Texas 78731


    /s/ *Robert G. Dees*
    Robert G. Dees

3395-0017
00593460.DOC